UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 4 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ALFRED WAYNE LEE, :
:
    Petitioner, :
v. : Civil Action No.
: **09 0209**
UNITED STATES DEPARTMENT :
OF JUSTICE, *et al.*, :
:
    Respondents. :

## MEMORANDUM OPINION

This matter comes before the Court on consideration of Petitioner's *pro se* petition and application to proceed *in forma pauperis*. The Court will grant the application, and dismiss the petition.

Petitioner, who describes himself as "[a] Black Person of African Ancestry," Pet. at 1 (caption), alleges that he submitted a request to the United States Attorney for the Southern District of Florida for information pertaining to the decision to bring criminal charges against Petitioner in federal court rather than state court. *Id.* at 2. He contends that the federal district court was without jurisdiction, and he attributes the decision to prosecute federal charges against him to discrimination based on his race. *See id.* at 14-29. When Petitioner received no response to several requests for this information, he states that he submitted letters of petition to the Inspector General of the United States Department of Justice and to the Director of the Federal Bureau of Investigation. *Id.* at 3-6. In this action, he asks the Court "to issue a writ of mandamus compelling the . . . Inspector General & Director of the FBI to comply with 28 U.S.C.

1

§535(a)(b) [sic], by initiating/conducting an investigation of his formal petition." *Id.* at 32.

The Court has no power to compel the Attorney General or his subordinates to conduct an investigation into the matters about which Petitioner complains. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966) ("[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion.").

Because Petitioner fails to state a claim upon which relief can be granted, the Court will dismiss this civil action pursuant to 28 U.S.C. § 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: Jan. 28, 2009